**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR ALFONSO RODRIGUEZ QUEZADA, On Behalf of Himself and All Others Similarly Situated, BRENDAN MONAGHAN, On Behalf of himself and All Others Similarly Situated, KEVIN SCHMID, On Behalf of Himself and All Others Similarly Situated and JOHN SCHMID, On Behalf of Himself and All Others Similarly Situated** | : | **CIVIL ACTION** |
| **v.** | : | |
| **ARBITERSPORTS, LLC** | : | **NO. 20-5193** |

**FINDINGS OF FACT**
**AND**
**CONCLUSIONS OF LAW**

**NOW**, this 23rd day of December, 2021, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Document No. 54), Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursements of Litigation Expenses, and Class Representative Incentive Awards ("First Motion for Attorneys' Fees") (Document No. 37), Defendant's Opposition to the First Motion for Attorneys' Fees (Document No. 40) and Plaintiffs' Unopposed Supplemental Motion for an Award of Attorneys' Fees, Reimbursements of Litigation Expenses, and Class Representative Incentive Awards (Document No. 59), and after hearings on July 7, 2021 and December 14, 2021, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On July 19, 2021, the proposed settlement was preliminarily approved.

2. The Settlement Class as defined for settlement purposes in the Order of July 19, 2021, includes all individuals to whom Defendant ArbiterSports sent notification that their personal information may have been exposed to unauthorized third parties as a result of the data security incident announced by ArbiterSports on or around August 24, 2020 ("Data Security Incident").

3. Plaintiffs Victor Alfonso Rodriguez Quezada, Brendan Monaghan, Kevin Schmid and John Schmid, the appointed Class Representatives, have fairly and adequately protected the interests of the Settlement Class.

4. Scott H. Wolpert, Christine M. Gordon and Keith T. Vernon of Tirnoney Knox, LLP and Jonathan Shub and Kevin Laukaitis of Shub Law Firm, LLC, the appointed Class Counsel, have adequately represented the Settlement Class.

5. Notice of the proposed settlement was provided to Settlement Class Members in compliance with the Court's July 19, 2021 Order by JND Legal Administration, the appointed Claims Administrator.

6. Notice of the December 14, 2021 hearing to determine: (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement[1] should be finally approved as fair, reasonable and adequate; (c) whether final approval should be granted; (d) the amount of attorneys' fees and expenses to be awarded to Lead Counsel; and (e) whether a final order and judgment should be entered dismissing the claims of the Settlement Class with prejudice, was mailed to all Settlement Class Members.

---

[1] *See* Document No. 32-1.

7. Notice of the proposed settlement constituted the best notice practicable under the circumstances, and included notice to all members who could be identified through reasonable efforts.

8. Notice of the proposed settlement was mailed by the Claims Administrator to the appropriate federal and state officials in compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (the "CAFA Notice").[2]

9. There are over 539,000 Settlement Class Members.[3]

10. Settlement Class Members were given the option of excluding themselves from the class by submitting a notice requesting exclusion to the Claims Administrator postmarked no later than October 22, 2021.

11. Nineteen Settlement Class Members have timely requested exclusion from the Settlement Class.[4]

12. The deadline for serving written objections to the settlement and/or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses was October 22, 2021.

13. No Class Member has objected to the proposed settlement or the award of attorneys' fees and expenses.

14. Settlement Class Members who wished to receive Settlement benefits were required to submit a Claim Form online through the Settlement Website or postmarked by mail no later than November 19, 2021.

---

[2] *See* Document No. 54-3 at ECF 2, 7-8.

[3] 525,929 of the 539,199 Settlement Class Members, or 97.54% of the Class, received Class Notice. *See* Document No. 45-1 at ECF 3-4.

[4] *See* Document No. 54-3 at ECF 18.

15. Eleven thousand one hundred twelve (11,112) individuals have timely submitted Claim Forms, of which 10,268 are valid and 844 are incomplete.[5]

16. Of the 11,112 timely claims, 6,577 claimed lost time (totaling $647,038.80), 986 claimed additional documented lost time (totaling $25,470.00), 519 claimed ordinary expenses (totaling a maximum[6] of $84,151.75), 147 claimed extraordinary circumstances (totaling a maximum[7] of $124,687.42), and 7,347 claimed for credit monitoring (valued at $359.82 per claimant, totaling $2,643,597.54[8]), for a total of $3,524,945.51. Most claimants claimed more than one category.

17. Investigation, drafting of pleadings, some discovery, and extensive settlement negotiations have taken place at substantial expense to the parties.

18. If this settlement is not approved, there will be expensive future litigation.

19. On December 14, 2021, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

20. The only persons appearing at the December 14, 2021 hearing were Class Counsel and defense counsel.

[5] The Claims Administrator will send the individuals who submitted incomplete Claim Forms a request to supplement their claims. *See* Document No. 59-3 at ECF 4.

[6] This amount is an estimate because the validity of some claims is still being evaluated. *See* Pls.' Suppl. Mot. for Attorneys' Fees (Doc. No. 59-1) at ECF 6 n.4 and ECF 7.

[7] This amount is an estimate because the validity of each claim is still being evaluated. *See id.* at ECF 6 n.5 and ECF 7-8.

[8] Plaintiffs calculate this value based on a retail cost of $19.99 a month for credit monitoring for 18 months. ArbiterSports values the credit monitoring at $519,600.00, the flat rate it is paying for the provision of credit monitoring regardless of the number of class members who opted to claim that service. *See* Pls.' Suppl. Mot. for Attorneys' Fees (Doc. No. 59-1) at ECF 5; Decl. of Casey Collignon (Doc. No. 59-3) at ¶¶ 8-9.

**The Settlement**

21. The settlement terms were reached after Class Counsel: (a) conducted a substantial investigation of the facts underlying the plaintiffs' claims, which included multiple consultations with IT/cybersecurity experts for analysis of liability and damages; (b) conducted legal research; (c) drafted a detailed amended complaint asserting claims for negligence, gross negligence, negligence *per se*, breach of implied contracts, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. §§ 201-1 *et seq.*, violation of New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*, violation of the New Jersey Customer Security Breach Disclosure Act, N.J. Stat. Ann. §§ 56:8-163, *et seq.* and for declaratory relief for failing to implement adequate data security measures to protect its users' sensitive personal information and to promptly notify impacted users; and (d) engaged in extensive settlement negotiations, including formal mediation. All of these actions resulted in an understanding of the strengths and weaknesses of the claims and the Defendant's potential defenses, enabling counsel to make an informed decision that the proposed settlement is fair, adequate and reasonable, and in the best interests of the settlement class.

22. Settlement negotiations took place over the course of the litigation in arms' length discussions and with the participation of a mediator.

23. The Settlement Agreement was the product of careful and informed analysis by all parties, taking into consideration the respective strengths and weaknesses of the parties' positions.

24. The parties have been and are represented by counsel experienced in class actions, complex commercial matters and consumer litigation in the federal courts.

25. The defendant has challenged the claims on legal grounds that raise a potential finding of no liability.

26. The parties genuinely believe there are inherent risks in proceeding to trial.

27. Settlement will avoid delay in realizing a benefit for the affected Settlement Class Members, will avoid unnecessary litigation costs and will eliminate uncertainty.

28. The absence of objections to the settlement demonstrates support for the approval of this settlement as fair and reasonable.

29. The settlement provides significant relief, which directly responds to the challenged conduct and provides relief to a large group of people with modest individual claims who could not practically seek redress on an individual basis.

30. The Settlement Agreement requires ArbiterSports to:

a. reimburse each Settlement Class Member eligible to recover as reimbursement for their documented out-of-pocket expenses up to $350.00 incurred as a result of the Data Security Incident, or, up to $5,000.00 if extraordinary circumstances exist that warrant an increase in the individual reimbursement cap;

b. reimburse each Settlement Class Member eligible to recover for up to five hours of lost time spent as a result of the Data Security Incident compensated at a rate of $20.00 per hour, comprised of up to three hours of undocumented lost time and up to two additional hours of documented lost time;

c. pay for eighteen (18) months of free comprehensive credit monitoring and credit restoration protections, a $300 value, for each Settlement Class Member who timely requests these services;

d. implement security-system and practices enhancements, as well as undertake, at its own expense, third-party IT security audits to ensure compliance with applicable certifications for the next two years following approval of the Settlement;

e. pay all notice and administration costs[9]; and

f. pay any class representative incentive award and award for attorneys' fees and costs approved by the Court.

31. The Settlement Agreement does not grant preferential treatment to the Class Representative or segments of the class.

**Class Counsel's Request for Award of Attorneys' Fees and Expenses and for Class Representative Incentive Awards**

32. Class Counsel undertook prosecution of this matter on a contingent basis and incurred expenses in its prosecution.

33. Class Counsel has applied for an attorneys' fees award in the amount of $517,058.83, and for reimbursement of out-of-pocket expenses in the amount of $12,941.17.

34. Notice of Class Counsel's intention to apply for an attorneys' fees and expenses award in an amount to be approved by the Court was provided to all Settlement Class Members in the Notice of the proposed settlement.

35. There have been no objections to the requested award of attorneys' fees and expenses.

[9] These costs are estimated to be approximately $159,000.000, but will not exceed $175,500.00. *See* Pls.' Suppl. Mot. for Attorneys' Fees (Doc. No. 59-1) at ECF 6 & n.6.

36. The Class Representatives approve of Class Counsel's request for attorneys' fees and expenses.

37. The Defendant does not oppose Class Counsel's request for attorneys' fees and expenses.

38. At substantial expense and time, Class Counsel conducted a thorough investigation of the facts underlying the plaintiffs' claims, conducted legal research, drafted a detailed amended complaint and engaged in extensive settlement negotiations, including mediation.

39. Excluding the attorneys' fees, litigation expenses, incentive awards, administration fees and the value of security enhancements, the cash value of the settlement is approximately $3,524,945.51, comprised of $647,038.80 for undocumented lost time, $25,470.00 for additional documented lost time, $84,151.75 for ordinary expenses, $124,687.42 for extraordinary circumstances expenses, and $2,643,597.54 for credit monitoring.

40. The $517,058.83 counsel fee award requested represents 14.67% of the approximate value of the settlement.

41. The requested attorneys' fee award is below fee awards commonly awarded in similar cases, which range from 19% to 45% of the settlement fund.[10]

42. The attorneys' fees award requested is reasonable.

43. The out-of-pocket expenses incurred were reasonable and necessary.

[10] *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir. 2001) (citation omitted).

44. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's lodestar is $851,918.25, which reflects 1846 hours of attorney and paralegal time, and expenses of $12,941.17.

45. Given the nature of the services provided, Class Counsel's experience in class action cases and the rates of other lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.

46. The number of hours expended by Class Counsel was not excessive or redundant, and the work was properly allocated among attorneys and paralegals of different skill and experience levels to reduce costs.

47. Class Counsel's requested award for attorneys' fees and expenses of $517,058.83 results in a multiplier of .61, which is reasonable.[11]

48. Class Counsel has applied for incentive awards in the amount of $5,000.00 for each Class Representative.

49. Class Counsel's intention to apply for class representative incentive awards was provided to all Settlement Class Members in the notice of the proposed settlement.

50. There have been no objections to the requested incentive awards.

51. The incentive awards requested are reasonable.

## <u>CONCLUSIONS OF LAW</u>

### Final Approval of the Settlement

1. The settlement of a class action requires Court approval after notice to all members of the class. *See* Fed. R. Civ. P. 23(e).

[11] *See Cendant Corp. PRIDES*, 243 F.3d at 742 (quoting *In re Prudential*, 148 F.3d 283, 341 (3d Cir. 1998) ("'Multipliers ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'")).

2. The settlement comports with Rules 23(a) and 23(b)(3) in all respects.

3. The nine factors to be considered in assessing the fairness of a class action settlement are: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 322 & n.2 (3d Cir. 2019) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

4. In light of these factors, the settlement is fair, reasonable and adequate.

**Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses**

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner. *See* Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to all persons in the class in a reasonable manner and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).

7. The court may award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

8. To evaluate what is an appropriate attorneys' fee in a class action, courts generally apply either the lodestar method or the percentage-of-recovery method. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 279-80 (3d Cir. 2009).

9. Regardless of the method chosen, it is prudent to use a second method of fee approval to cross-check the initial fee calculation. *In re Rite Aid Corp. Sec. Litig*., 396 F.3d 294, 300 (3d Cir. 2005); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig*., 55 F.3d 768, 821 & n.40 (3d Cir. 1995).

10. In evaluating a counsel fee request using the percentage-of-recovery method, the following factors are considered: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Additionally, "(8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement" should be considered. *Halley*, 861 F.3d at 496 (citing *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009)).

11. The lodestar method calculates fees by multiplying the number of hours reasonably worked by an appropriate hourly rate based on the given geographical area,

the nature of the services provided, and the experience of the attorneys. *Rite Aid*, 396 F.3d at 305. The number of hours expended should not be excessive or redundant, and should be appropriately allocated among attorneys and other staff with the proper skill level to reduce costs. *Hensley v. Eckerhart*, 461 U.S. 433-34 (1983).

12. After determining the lodestar, we calculate the "multiplier" by dividing the proposed fee award by the resulting lodestar.

13. Applying both the percentage-of-recovery and lodestar methods, Class Counsel's request for an award of $517,058.83 for attorneys' fees and $12,941.17 for out-of-pocket expenses is fair and reasonable.

/s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.