IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR ALFONSO RODRIGUEZ QUEZADA, On Behalf of Himself and All Others Similarly Situated, BRENDAN MONAGHAN, On Behalf of himself and All Others Similarly Situated, KEVIN SCHMID, On Behalf of Himself and All Others Similarly Situated and JOHN SCHMID, On Behalf of Himself and All Others Similarly Situated | : : : : : : : : : : : : : | CIVIL ACTION |
| v. | : : | |
| ARBITERSPORTS, LLC | : | NO. 20-5193 |

## ORDER

**NOW**, this 23rd day of December, 2021, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Document No. 54), Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursements of Litigation Expenses, and Class Representative Incentive Awards ("First Motion for Attorneys' Fees") (Document No. 37), Defendant's Opposition to the First Motion for Attorneys' Fees (Document No. 40) and Plaintiffs' Unopposed Supplemental Motion for an Award of Attorneys' Fees, Reimbursements of Litigation Expenses, and Class Representative Incentive Awards (Document No. 59), and after hearings on July 7, 2021 and December 14, 2021, and the Findings of Fact and Conclusions of Law (Document No. 60), it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Settlement Agreement (Document No. 28-4) entered into between the Plaintiffs Victor Alfonso Rodriguez Quezada, Brendan Monaghan, Kevin Schmid and John Schmid ("Plaintiffs" or "Class Representatives") on behalf of themselves and the

proposed settlement class, and the Defendant ArbiterSports, LLC ("ArbiterSports") on June 18, 2021, and as amended on July 14, 2021 (Document No. 32-1) ("Settlement Agreement") is **APPROVED** as fair, reasonable and adequate.

2. The settlement claims of the Class Representatives and the Class Members are compromised, settled, released, remised, discharged and dismissed as against ArbiterSports on the merits and with prejudice in accordance with the terms of the Settlement Agreement.

3. The Class Representatives and the Settlement Class Members and all persons claiming by or through them are **PERMANENTLY BARRED** and **ENJOINED** from instituting, commencing and/or prosecuting, directly or indirectly, any claim, suit or proceeding against the Defendant with respect to any and all settled claims against it.

4. Pursuant to the terms of the Settlement Agreement, ArbiterSports shall:

a. reimburse each Settlement Class Member eligible to recover as reimbursement for their documented out-of-pocket expenses up to $350.00 incurred as a result of the Data Security Incident, or, up to $5,000.00 if extraordinary circumstances exist that warrant an increase in the individual reimbursement cap;

b. reimburse each Settlement Class Member eligible to recover for up to five hours of lost time spent as a result of the Data Security Incident compensated at a rate of $20.00 per hour, comprised of up to three hours of undocumented lost time and up to two additional hours of documented lost time;

c. pay for eighteen (18) months of free comprehensive credit monitoring and credit restoration protections for each Settlement Class Member who timely requests these services;

    d. implement security-system and practices enhancements, as well as undertake, at its own expense, third-party IT security audits to ensure compliance with applicable certifications for the next two years following approval of the Settlement;

    e. pay all notice and administration costs;

    f. pay Class Counsel the court-approved attorneys' fee award in the amount of $517,058.83 and out-of-pocket expense award in the amount of $12,941.17; and

    g. pay each Class Representative the court-approved incentive award in the amount of $5,000.00, for a total of $20,000.00 in incentive awards.

  5. The parties are directed to carry out their obligations under the Settlement Agreement in compliance with this Order.

  6. This action is **DISMISSED WITH PREJUDICE**.

  7. The Court retains jurisdiction over this action, the parties and each of the Settlement Class Members for all matters relating to this action and the Settlement Agreement, including those matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and this Order.

  8. **FINAL JUDGMENT** shall be entered pursuant to Federal Rule of Civil Procedure 58.

              /s/ Timothy J. Savage
              TIMOTHY J. SAVAGE, J.